IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROLANDO HERNANDEZ AGUILAR,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DARIUS J. KIRKSEY, DHS/ICE SUPERVISOR VENTURA SUB-OFFICE,<br><br>　　　　　Respondent. | NO. CV 24-10826-ODW (AGR)<br><br>**OPINION AND ORDER ON EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2241))** |

**I.**

**INTRODUCTION**

On December 16, 2024, Petitioner, a noncitizen and a Mexico national, filed an Emergency Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Emergency Petition") under 28 U.S.C. § 2241. (Dkt. No. 1.)[1] The next day, Petitioner filed a supporting memorandum. (Dkt. No. 3.) Petitioner is represented by counsel.

The Emergency Petition asks the Court to issue injunctive relief in the form of Petitioner's release and a stay of Petitioner's removal from the United States

---

[1] Citations are to the page and docket numbers generated by the Case Management Electronic Case Filing ("CM/ECF") system in the header of each document.

which was apparently set to occur as early as December 16, 2024. Petitioner seeks a stay of removal to allow the Board of Immigration Appeals ("BIA") to consider and rule on a pending motion to reopen filed concurrently with this Emergency Petition and, if necessary, any subsequent petition for review in the Ninth Circuit Court of Appeals. An attachment to the Petition indicates Petitioner's counsel filed a motion for emergency stay before the BIA.

The Court lacks jurisdiction to grant the relief Petitioner seeks because the Immigration and Nationality Act ("INA"), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 302, vests sole authority to review final orders of removal, claims arising from actions and proceedings brought in connection with removals, and claims arising from Executive Branch decisions to execute removal orders, in the Ninth Circuit Court of Appeals.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen and a national of Mexico. He entered the United States as an infant. (Dkt. No. 3 at 1.) Petitioner has been engaged in immigration proceedings for quarter of a century. The immigration proceedings against Petitioner commenced in 1999 when he was found removable based on a conviction for violating Cal. Health & Safety Code § 11379(a), a drug charge involving methamphetamine. (Dkt. No. 3 at 8.) He was ordered removed on January 28, 2005 and is currently subject of a final order of removal. (*Id*. at 1; Emergency Petition at 4.)

Over the years, Petitioner repeatedly sought relief from removal before the BIA and in the Ninth Circuit Court of Appeals. (*Id*. at 2, 4-5; Dkt. No. 3 at 2-3.) Petitioner also unsuccessfully challenged the underlying drug conviction in California state courts. (*Id*. at 8.)

Relevant here, in 2010, the Ninth Circuit Court of Appeals denied Petitioner's petition for review challenging the BIA's decision affirming the

1 immigration judge's ("IJ") final order of removal against Petitioner. See
2 *Hernandez-Aguilar v. Holder*, 594 F.3d 1069 (9th Cir. 2010). The Ninth Circuit
3 agreed with the BIA's finding that Petitioner's conviction for violating Cal. Health &
4 Safety Code § 11379(a), which involved methamphetamine, rendered him
5 removable under 8 U.S.C. § 1182(a)(2). *Id*. at 1073.
6   Petitioner subsequently unsuccessfully filed multiple motions to reopen and
7 motions to reconsider prior decisions with the BIA. (Emergency Petition at 2.)
8 The petitions for review from 2011, 1018, and 2019 motions were considered and
9 rejected by the Ninth Circuit in *Hernandez-Aguilar v. Garland*, 2022 WL 874183
10 (9th Cir. 2022). With respect to Petitioner's challenge of the BIA's denial of his
11 2011 motion to reopen, the Ninth Circuit found no legal or constitutional error, and
12 determined that it lacked jurisdiction to consider Petitioner's attacks on the BIA's
13 factual determinations. With respect to the 2018 and 2019 motions to reopen and
14 motions to reconsider, the Court held that Petitioner waived any objection to the
15 BIA's finding that all the motions were either time or number-barred. With respect
16 to Petitioner's three motions asking the BIA to *sua sponte* reopen his case, the
17 Ninth Circuit held that it lacked jurisdiction to review the BIA's decisions. *Id*. at *1.
18   On Monday, December 16, 2024, Petitioner reported to the Camarillo office
19 of the Ventura Sub-Office of the Department of Homeland Security ("DHS")
20 Immigration and Customs Enforcement ("ICE") office. He was taken into custody
21 and informed that he would be removed to Mexico that same day or evening.
22 (Dkt. No. 3 at 2; Emergency Petition at 1.) Petitioner contacted counsel who in
23 turn contacted Respondent, the supervisor of the DHS ICE Ventura sub office.
24 (Dkt. No. 3 at 2.) Petitioner's counsel asked Respondent for time to seek relief on
25 Petitioner's behalf the following day, December 17, 2024, but was informed that
26 the office had no place to temporarily hold Petitioner and that Petitioner would be
27 removed that same day. (*Id*.) On the same day, counsel filed the underlying
28

Petition and a Motion to Reconsider Petitioner's removal order and stay of removal with the BIA. (*Id.* at 8; Emergency Petition at 1.)

It is unknown to the Court whether Petitioner has been removed to Mexico or currently remains in the United States, or whether the BIA ruled on Petitioner's latest motion(s).

## III.

## **DISCUSSION**

The Emergency Petition sets forth four grounds for the requested relief. Petitioner contends that: (1) his due process rights were violated when counsel was not given notice and Petitioner was detained to be removed the same day; (2) the BIA violated the Administrative Procedure Act ("APA") by failing to address evidence in the record; (3) the Agency decision was arbitrary and capricious and subject to judicial review under *Loper Bright Enterprises v. Raimondo*, 114 S. Ct. 224 (2024); and (4) "DHS/ICE has taken extraordinary measures to remove the Petitioner with no notice." (Emergency Petition at 6-7; Dkt. No. 3 at 9-10.)[2]

Before the Court can consider the merits of Petitioner's claims, it must first determine whether it has jurisdiction to grant the emergency relief Petitioner seeks – a stay of the BIA's final order of removal so the BIA can adjudicate Petitioner's pending motion to reopen based on purported changes in governing law. As discussed below, the REAL ID Act divests this Court of jurisdiction over Petitioner's request and places it in the Ninth Circuit Court of Appeals.

---

[2] Petitioner concedes that Grounds One, Three, and Four are unexhausted. (Emergency Petition at 6-7.)

The Memorandum of Points and Authorities accompanying the Emergency Petition sets forth two grounds for relief contending that Petitioner's detention and imminent removal without the opportunity for a full and fair hearing on his new claims for relief violates his right to substantive and procedural due process rights and his right to counsel (Count One), and challenges the validity of the underlying removal order (Count Two). (Dkt. No. 3 at 9-10.)

**A. Applicable Law**

The Supreme Court has admonished that, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As amended by the REAL ID Act, 8 U.S.C. § 1252 governs judicial review of orders of removal. Three subsections are of particular relevance here.

Subsection 1252(a)(5), the exclusivity clause, states as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with the appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued* under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Congress further clarified the scope of jurisdiction in subsection (b)(9), which states that:

> Judicial review of all questions of law and fact, including nterpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise

provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9).

Finally, subsection (g) states in relevant part: "no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

The Ninth Circuit has explained that, "§ 1252(a)(5) and § 1252(b)(9) mean that any issue – whether legal or factual – arising from any removal-related activity can be reviewed only through the PFR process." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016). It has further noted that these "new judicial review provisions were designed to make perfectly clear 'that *only* courts of appeals – *and not district courts* – could review a final removal order,' that 'review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding,' and that the statute was 'intended to preclude all district court review of any issue raised in a removal proceeding.'" *Id*. at 1034 (quoting 6 H.R. Rep. No. 109-72, at 173) (added emphasis).

The INA thus provides exclusive judicial review through the petition for review process in the Court of Appeals.

**B. Analysis**

The Emergency Petition asks this Court to stop the immigration removal process. In other words, Petitioner seeks this Court's intervention in the execution of the removal order against him. It is thus indisputable that Petitioner's claims "arise from" removal proceedings under section 1252(b)(9). As such, his claims for relief must be channeled through the petition for review process. *See*

*Lynch*, 837 at 1033 ("The legislative history of the INA, as well as amendments to § 1252(b)(9), confirm that Congress intended to channel all claims arising from removal proceedings . . . to the federal courts of appeals *and bypass the district courts*.") (added emphasis).

"When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is "inextricably linked" to the order of removal, it is prohibited by section 1252(a)(5)." *Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012). All of Petitioner's claims are inextricably linked to the removal order and thus outside of this Court's jurisdiction.[3] *See id*. at 622 ("8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order").

Petitioner does not address the REAL ID Act or section 1252 in either the Emergency Petition or the accompanying Memorandum. (*See* Emergency Petition & Dkt. No. 3.) He acknowledges that, "[i]f the [BIA] denies Petitioner's Motion for Stay, then Petitioner has a right to obtain an automatic stay by filing a Petition for Review with the Ninth Circuit Court of Appeals." (Dkt. No. 3 at 7.) Petitioner, however, does not explain why he believes that he can bypass waiting for the BIA's and Ninth Circuit's decisions, and get relief from this Court when various subsections of 8 U.S.C. § 1252 explicitly preclude it. Insofar as Petitioner seeks a stay of the BIA's final order of removal, which was previously upheld by the Ninth Circuit, the REAL ID Act strips this Court of jurisdiction to consider such a request.

---

[3] Neither length of detention, conditions of confinement, nor the availability of bond hearings are not at issue in this case. *Cf. Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (noting that there is jurisdiction to review the legality of detention under section 1225(b) where petitioners are "not asking for review of an order of removal; ... not challenging the decision to detain them in the first place or seek removal; and ... not even challenging any part of the process by which their removability will be determined.").

Petitioner alleges that he was denied due process when Respondent tried to remove him from the United States shortly after he was detained on December 16, 2024. He faults Respondent for not notifying his counsel or deferring removal so that counsel can mount further legal challenges to its validity. Petitioner cites no law, statutory or otherwise, that entitles him to notice that the final removal order entered almost two decades ago will be effectuated. Petitioner had ample opportunity to, and in fact did mount numerous legal challenges to the removal order, the last of which was rejected by the Ninth Circuit over two years before his recent detention and impending removal.[4] Petitioner concedes that he is not a United States citizen and is subject to an administratively final removal order. (*See* Dkt. No. 3 at 1.) As noted above, the plain text of section 1252(g) precludes the Court from considering claims challenging the order's execution.

None of the cases cited in the Emergency Petition help Petitioner bypass the jurisdictional bars set forth in section 1252. In fact, in *Wilkinson v. Garland*, the Supreme Court held that the agency's hardship determination in the cancellation of removal context is reviewable under section 1252(a)(2)(D), *"which gives Courts of Appeals jurisdiction to review 'questions of law.'"* 601 U.S. 209, 212 (2024) (added emphasis). Contrary to Petitioner's contention, nothing in *Wilkinson* alters the mandates of section 1252(a)(5)'s exclusivity clause.

In sum, the Court lacks jurisdiction to grant the relief Petitioner seeks because the INA, as amended by the REAL ID Act of 2005, vests sole authority to review final orders of removal, claims arising from actions and proceedings brought in connection with removals, and claims arising from Executive Branch

---

[4] Although the "statutory scheme was designed to 'limit all aliens to one bite of the apple with regard to challenging an order of removal[,]'" *see Singh v. Gonzales*, 499 F.3d 969, 976 (9th Cir. 2007) (citation omitted), Petitioner has had at least three, having the Ninth Circuit review his final order of removal in 2007 (case no. 06-71945), 2010 (same), and 2022 (case nos. 11-73790, 19-71762, & 20-70466).

decisions to execute removal orders, in the Ninth Circuit Court of Appeals. Because the court lacks jurisdiction to grant the relief sought, the Petition will be summarily dismissed.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of jurisdiction.

DATED: _December 19, 2024

OTIS D. WRIGHT, II
United States District Judge